# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| CASE NUMBER | 01 C 1993 | DATE | 7/25/2002 |
| CASE TITLE | Q Sales & Leasing, LLC vs. Quilt Protection, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation recommending that the District Court deny the defendants' motion to transfer the case to the Northern District of California is hereby entered of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 2 6 2002 | |
| | Notified counsel by telephone. | date docketed | 31 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 02 JUL 25 PM 4:53 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Q SALES & LEASING, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 01 C 1993 |
| QUILT PROTECTION, INC., and ROBERT GRADY | ) ) ) | Judge Blanche M. Manning |
| Defendants. | ) | Magistrate Judge Nan R. Nolan |

## REPORT AND RECOMMENDATION

Plaintiff Q Sales & Leasing, LLC ("Q Sales") has filed this trademark and copyright infringement suit against Defendants Quilt Protection, Inc. and Robert Grady. Q Sales alleges common law unfair trade practices and violations of both the Lanham Act and the Illinois Consumer Fraud and Deceptive Trade Practices Act. The defendants moved the District Court to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). (Docket Entry #12.) The District Court subsequently referred the motion to transfer to this Court. (Docket Entry #24.) For the following reasons, the Court recommends that the District Court DENY the defendants' motion.

### Background

Plaintiff Q Sales is an Illinois limited liability company with its principal place of business in Illinois which manufactures, sells, leases, and rents throughout the United States insulated freight container covers used to protect the shipment of temperature sensitive products. Q Sales manufactures and distributes these covers under the trademark CargoQuilt®. Defendant Quilt Protection is a California corporation with its principal place of business in California. Defendant

31

Robert Grady, who resides in California, is the president and chief executive officer of Quilt Protection.

According to the complaint, Quilt Protection purchased CargoQuilt® freight container covers from Q Sales during the years 1993 to 1998. During that period of time, Quilt Protection established a reputation in the California wine industry by marketing CargoQuilt® container covers manufactured by and purchased from Q Sales. In 1998, Quilt Protection ceased purchasing CargoQuilt® covers from Q Sales. Q Sales decided to investigate both why Quilt Protection stopped buying CargoQuilt® covers and why overall sales of CargoQuilt® products were declining on the west coast of the United States. Q Sales alleges that one of their representatives visited a California winery and learned that Quilt Protection was distributing its own freight container covers. Q Sales alleges that Quilt Protection misrepresented to its customers that the Quilt Protection covers were CargoQuilt® covers and also misled its customers into believing that Quilt Protection is affiliated with Q Sales. Quilt Protection denies each of these allegations.

## Discussion

Section 1404(a) of Title 28 states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that venue would be proper in either the Northern District of Illinois or in the Northern District of California. Accordingly, the Court's inquiry focuses solely on whether the Northern District of California would be a more convenient forum. As the parties seeking transfer, the defendants have the burden of demonstrating that the transferee forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *Armoloy Corp. v. Indust. Hard Chromium Co.*, No. 02 C 50071, 2002 WL 1284286, at *2 (N.D. Ill. June 5, 2002). Transfer is inappropriate if the result simply shifts the

inconvenience from one party to the other. *Marvel Group, Inc. v. Modular Interiors*, No. 01 C 6577, 2002 WL 1052043, at *2 (N.D. Ill. May 24, 2002).

To determine whether one forum is clearly more convenient than another forum, § 1404(a) requires courts to consider "the convenience of the parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a).

## I. Convenience of the Parties and Witnesses

In evaluating the convenience of the parties and witnesses, courts consider the following factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums. *Estwing Mfg. Co. v. Cal-Rainbow Prods., Inc.*, No. 01 C 0276, 2001 WL 664396, at *1 (N.D. Ill. June 11, 2001); *D'Ancona & Pflaum LLC v. M2 Software, Inc.*, No. 00 C 7150, 2001 WL 873021, at *2 (N.D. Ill Aug. 2, 2001).

## A. Plaintiff's Choice of Forum and Situs of Material Events

There is substantial disagreement regarding how much weight is to be given to a plaintiff's choice of forum. 15 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3848, at 375-80 (2d ed. 1986). Although some older cases state that a plaintiff's choice of forum is weighed the same as other § 1404(a) factors, *e.g., Club Assistance Program, Inc. v. Zukerman*, 598 F. Supp. 734, 736 (N.D. Ill. 1984), the more recent cases suggest that the plaintiff's choice of forum is more important than other factors, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (stating that plaintiff's forum choice should not be lightly disturbed); *Estwing*, 2001 WL 664396, at *1 (stating that plaintiff's forum choice entitled to "substantial weight"); *Northwestern Corp. v. Gabriel Mfg. Co.*, No. 96 C 2004, 1996 WL 73622, at *5 (N.D. Ill. Feb. 16, 1996) (same). However, a plaintiff's

choice of forum is given less weight if the chosen forum is not the plaintiff's home forum and the forum lacks a substantial connection to the plaintiff's claim. *Gemological Inst. of Am. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001).

In this case, the plaintiff filed suit in its home forum; plaintiff Q Sales is an Illinois corporation with its principal place of business in Illinois. Nevertheless, the defendants argue that the plaintiff's choice of forum is entitled to less deference because all of the material events occurred in the Northern District of California. Several courts have discounted a plaintiff's forum selection—even if it's the plaintiff's home forum—if that forum lacks a significant connection to the plaintiff's claims. *See Ty, Inc. v. Beanie World, Inc.*, No. 99 C 4199, 1999 WL 782092, at *2 (N.D. Ill. Sept. 27, 1999); *Pansophic Sys., Inc. v. Graphic Computer Serv., Inc.*, 736 F. Supp. 878, 881 (N.D. Ill. 1990). The Court disagrees with the defendants' assertion that all of the material events occurred in California. Although "a trademark infringement action is primarily concerned with the allegedly offensive actions of the defendant," *Ty*, 1999 WL 782092, at *3, the location of the defendant's activities is not the only relevant consideration. "[A] 'substantial part' of the events triggering trademark infringement may occur both in the district where the infringer is located and where the trademark owner is located and confusion is likely to occur." *Northwestern Corp.*, 996 WL 73622, at *5. The fact that a plaintiff's alleged injury occurred in its home forum in a trademark case can establish a substantial connection to that forum. *Estwing*, 2001 WL 664396, at *1; *Ty, Inc. v. Collett*, No. 99 C 692, 1999 WL 300290, at *4 (N.D. Ill. May 6, 1999). In this case, Q sales alleges that it has suffered an injury in Illinois. Specifically, the plaintiff alleges that the defendant misrepresented that it sold CargoQuilt® covers to Illinois customers, i.e., the plaintiff alleges that consumer confusion occurred in Illinois. In its response to the motion to transfer, the plaintiff

submitted a letter that was allegedly sent by the defendant to an Illinois customer. The letter sets out the terms for the lease of "cargo quilts." (Pl.'s Resp. to Def.'s Mot. to Transfer, Ex. 6.) The Court concludes that because material events occurred in the Northern District of Illinois, that forum has a substantial connection to the plaintiff's claim.[1] Accordingly, the Court concludes that the plaintiff's forum choice is entitled to substantial deference.

**B. Relative Ease of Access to Sources of Proof and Convenience of the Witnesses**

The defendants argue that this case should be transferred to the Northern District of California because the majority of the third-party witnesses reside in or near that district. The defendant correctly points out that the District Court could not compel those witnesses to testify at trial unless the case is transferred to the Northern District of California. Given the preference for live testimony, *see Penntube Plastics Co. v. Fluorotex, Inc.*, 336 F. Supp. 698, 706-07 (D.S.C. 1971), the defendants argue that this factor weighs heavily in favor of transfer.

The plaintiff does not dispute that there is a strong preference for live testimony or that several third-party witnesses reside in California. The plaintiff contends, however, that there are also several third-party witnesses in Illinois and other parts of the mid west and the east coast of the United States. The plaintiff argues that it would be improper to transfer the case to accommodate the California witnesses at the expense of these other witnesses. The defendants admit that its customers in Illinois, Ohio, Massachusetts, and Florida have ordered Quilt Protection freight covers.

---

[1] The complaint also alleges that material events occurred in California. To determine whether a plaintiff's forum choice is entitled to deference, however, the key inquiry is whether *any* material events occurred in that forum—it is not necessary that *all* of the material events occurred in that forum.

Nevertheless, the defendants argue that this factor still weighs in favor of transfer because there are more third-party witnesses in California than other parts of the country.

The defendants have identified more California third-party witnesses than the plaintiff has identified non-California third-party witnesses. Specifically, the defendants attached to their motion to transfer an affidavit from defendant Grady—the president and CEO of Quilt Protection—that identified eight California wineries and five California shipping companies as customers of Quilt Protection. (Defs.' Mot. to Transfer, Ex. B.) However, at his deposition, Grady testified that only three of the wineries are actual customers, i.e., only three of the wineries pay Quilt Protection for the use of insulated freight blankets. (Pl.'s Supp. Brief in Opposition to Defs. Mot. to Transfer, Ex. 1 at 216-17.) The defendants, also citing Grady's deposition testimony, argue that the Court should still consider the other wineries to be relevant third-party witnesses because they influence the shipping companies' decisions to use Quilt Protection blankets. The defendants give too much weight to Grady's testimony. Regarding the non-customer wineries, Grady testified that representatives from these wineries told him that "it's up to the [individual freight] carrier if they want to [use a Quilt Protection blanket], but maybe we can talk the carrier into using it." (*Id.* at 217.) The defendants presented no evidence that any shipping company was actually influenced by a representative from any of these wineries. Accordingly, the Court will not consider the convenience of witnesses employed by wineries that are not Quilt Protection customers. Even after disregarding these witnesses, it appears that there are still more California third-party witnesses than non-California third-party witnesses.

Beyond the sheer number of witnesses, "the Court must also consider the nature and quality of their testimony and their availability by compulsory process." *Bally Mfg. Corp. v. Kane*, 698 F.

Supp. 734, 738 (N.D. Ill. 1988). The parties state that the identified third-party witnesses will testify as to the representations made to them by the defendants. Therefore, based on the information presented, the Court concludes that the nature and quality of the proposed testimonies of these witnesses are the same. Regarding compulsory process, the Court notes that the third-party witnesses located in California will be subject to compulsory process only if the case is transferred. However, if the case remains in the Northern District of Illinois, only the Illinois third-party witnesses will be subject to compulsory process. On the other hand, the Northern District of Illinois is a more convenient forum for witnesses from the mid west and the east coast of the United States who decide to voluntarily appear for trial.

Considering all of the circumstances, the Court concludes that this factor tips slightly in favor of transferring the case to the Northern District of California.

### C. Convenience of the Parties

This factor is in equipoise. This district is more convenient for the plaintiff and the Northern District of California is more convenient for the defendants. "Simply shifting the inconvenience from one party to the other does not lead to litigation in a forum which is more convenient overall." *Ty*, 1999 WL 300290, at *5. Accordingly, the convenience-of-the-parties factor does not weigh in favor of transfer.

### II. Interest of Justice

In assessing the interest of justice, courts consider "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). The Court concludes that this factor weighs heavily in favor of denying the motion to transfer. The plaintiff

alleges violations of Illinois Consumer Fraud and Deceptive Trade Practices Act. A federal court in the Northern District of Illinois is more likely to be familiar with Illinois law than a federal court in the Northern District of California would be. *School Stuff, Inc. v. School Stuff, Inc.*, No. 00 C 5593, 2001 WL 558050, at *6 (N.D. Ill. May 21, 2001) (reasoning that a federal court in Illinois is more familiar with Illinois Consumer Fraud and Deceptive Trade Practices Act than a federal court located in another state); *Ty*, 1999 WL 300290, at *6 (same); *Northwestern Corp.*, 1996 WL 73622, at *6 (same). Also, at the time the motion to transfer was referred to this Court, the case has been pending in this district for more than a year. The parties have conducted discovery. Both this Court and the District Court are familiar with this case. Requiring a California court to familiarize itself with the law, facts and procedural posture of this case would be a waste of judicial resources. Finally, the Court notes that "Illinois has a strong interest in adjudicating injuries to the intellectual property rights of businesses that operate in this state." *School Stuff*, 2001 WL 558050, at *6 (trademark case involving both federal claims and a claim under the Illinois Consumer Fraud and Deceptive Trade Practices Act). None of the interest of justice factors favors a transfer to the Northern District of California.

## Conclusion

Although the convenience-of-witnesses factor tips slightly in favor of transfer, the plaintiff's selection of its home forum and the interest-of-justice factor weigh heavily in favor of denying the motion to transfer. Accordingly, this Court concludes that the defendants have not met its burden of establishing that the Northern District of California is clearly more convenient than the Northern District of Illinois. This Court recommends that the District Court DENY the defendants' motion to transfer. Any objections to this Report and Recommendation must be filed with the Clerk of the

Court within ten (10) days of receipt of this notice. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes waiver of the right to appeal. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

*Nan R. Nolan*

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: July 25, 2002